**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRANK D. BILLUPS, III,**<br>**#N40367,** | |
| **Plaintiff,** | **Case No. 22-cv-02141-SPM** |
| **v.** | |
| **IDOC, and**<br>**SHAWNEE CORRECTIONAL CENTER,** | |
| **DefendantS.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Frank Billups, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was housed at Shawnee Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on the morning of August 23, 2022, his cell was skipped when staff delivered food trays. (Doc. 1, p. 1). When a sergeant was collecting the trays, Plaintiff's cellmate asked why they did not receive breakfast. The sergeant stated that "due to your cellmate's looks and nasty attitude the day prior I scarred[sic] your cell today." Plaintiff's cellmate responded, "that has nothing to do with me." After the cellmate requested to speak to a lieutenant officer and the crisis team, the sergeant sent a single meal tray of food for Plaintiff's cellmate. Plaintiff did not receive a meal tray that morning.

Page 1 of 3

## DISCUSSION

Plaintiff has failed to state a constitutional claim, and the Complaint will be dismissed with prejudice. *See* FED. R. CIV. P. 8(a). The only allegation is that Plaintiff did not receive breakfast on August 23, 2022. While inmates are entitled to be provided with adequate food, *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009), "[t]here is, of course, a de minimus level of imposition with which the Constitution is not concerned," *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). Missing a single meal, while unpleasant, did not impose on Plaintiff the type of severe harm required to amount to cruel and unusual punishment under the Eighth Amendment. *See Morris v. Kingston,* 368 F. App'x 686, 689 (7th Cir. 2010) (concluding that plaintiff had not shown that missing 17 meals for 23 days caused serious harm or lasting detriment); *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). *See also Bishop v. Johnson,* No. 19-cv-1034-SMY, 2019 WL 6615402, at *1 (S.D. Ill. Dec. 5, 2019) (finding that the plaintiff who alleged a correctional officer threatened him and took away his meal failed to state a claim); *Ybarra v. Neal,* No. 21-cv-418-RLM-MGG, 2021 WL 5741328, at *2 (N.D. Ind. Dec. 2, 2021) (missing a single meal did not violate the Eighth Amendment where plaintiff did not allege severe harm suffered). Thus, Plaintiff has failed to plead and Eighth Amendment violation.

Furthermore, the only named defendants are the Illinois Department of Corrections and Shawnee Correctional Center, neither of which are considered a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

Because Plaintiff does not name a proper defendant and fails to plead a constitutional violation, the Complaint does not survive preliminary review. The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, there are no additional facts that would state a claim under the Eighth Amendments for the denial of a single meal. Therefore, it would be futile to permit Plaintiff to amend. The Complaint and this entire action are dismissed with prejudice.

### DISPOSITION

 For the reasons stated, the Complaint and this entire case are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 1, 2023**

 *s/Stephen McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**